# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT
CAPTION:_____

USCA NO.: _____

LOWER COURT or AGENCY and DOCKET NUMBER:
_____

NAME OF
JUDGE:_____

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

Identify the issues to be raised on appeal:

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this _____ day of _____,20_____.

_____
Signature of Counsel

Rev. 07/2015

# STATEMENT

**Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:**

(1) Appeal in Bankruptcy Case;

(2) (a) Appellants Tort Claimants represented by Lujan & Wolff LLP ("Lujan Claimants") whose claim numbers are in Appendix A; Appellee-Debtor Boy Scouts of America; (b) Appellee-Debtor Delaware BSA, LLC; (c) Appellee Tort Claimants' Committee; (d) Appellee Coalition of Abused Scouts for Justice; Appellee Future Claimants' Representative; (e) Appellees The Zalkin Law Firm, P.C. and Pfau Cochran Vertetis Amala PLLC; (f) Appellees Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company, and Navigators Specialty Insurance Company; (g) Appellee Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America; (h) Appellee Federal Insurance Company and Westchester Fire Insurance Company; (i) Appellees American Zurich Insurance Company, American Guarantee Insurance Company, and Steadfast Insurance Company; (j) Appellees Clarendon National Insurance Company, as successor in interest by merger to Clarendon America Insurance Company; River Thames Insurance Company Limited (as successor in interest to Unionamerica Insurance Company Limited, on its own behalf and in turn as successor to St. Katherine Insurance Company Limited); and Zurich American Insurance Company, as successor to Maryland Casualty Company, Zurich Insurance Company, and Maryland General Insurance Company; (k) Appellee Ad Hoc Committee of Local Councils of the Boy Scouts of America;

(3) Seeking reversal and vacatur of confirmation of Chapter 11 plan of reorganization;

(4) Order and Opinion of the United States District Court for the District of Delaware (Hon. Richard G. Andrews), entered 3/28/23 [D.I. 151, 150], among other things affirming the Supplemental Findings of Fact and Conclusions of Law and Order Confirming the Third Modified Fifth Amended Chapter 11 Plan of Reorganization (with Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC [Bankruptcy D.I. 10316] and accompanying Opinion [Bankruptcy D.I. 10136] of the United States Bankruptcy Court for the District of Delaware (Hon. Laurie S. Silverstein), and all other orders, decisions, and opinions subsumed therein.

**Provide a short statement of the factual and procedural background, which you consider important to this appeal:**

Lujan Claimants are 75 individuals who suffered childhood sexual abuse in Guam in relation to scouting from approximately 1955 to 1981, and who each filed proofs of claim. In addition to their claims against Debtor Boy Scouts of America ("BSA"), each has claims against the Aloha Council and chartered organizations, and direct action rights against insurers. Some have claims against religious orders who are not chartered organizations. Except for three, all are creditors in the bankruptcy of the Archbishop of Agana ("AOA"), a chartered organization. The claims of least two Lujan Claimants do not implicate AOA but other chartered organizations. No Lujan Claimant has consented to releasing his or her claims against nondebtors.

On February 18, 2020, the Boy Scouts of America and Delaware BSA, LLC, filed voluntary petitions for Chapter 11 relief. The cases were consolidated. Over 82,200 Survivors, including Lujan Claimants, filed timely sexual abuse proofs of claim. During the case, Debtors filed multiple plans of reorganization, including some that lacked releases and injunctions favoring nondebtors

such as local councils, chartered organizations, insurers, and Roman Catholic Entities. More than 8,000 Survivors, or 14.28% of voting Survivors, voted to reject the Plan, while 85.72% of voting Survivors voted to accept the plan. Almost 30,000 Survivors did not vote. Of the 75 Lujan Claimants, 72 voted to reject the Plan, 1 voted to accept the Plan and to elect the Expedited Distribution, and 2 did not vote. Although approximately $2.4 billion is to be contributed to the Settlement Trust for Survivors, the average payout to each Survivor is less than $30,000. All Lujan Claimants objected to confirmation of the Plan. After a confirmation hearing, the bankruptcy court issued an Opinion which did not confirm the plan. Upon a motion to amend and supplement the Opinion, the bankruptcy court confirmed the plan on September 8, 2022.

Lujan Claimants timely objected and appealed to the District Court, and their appeal was consolidated with other appellants' appeals. On March 28, 2023, the District Court issued an Opinion and an Order which affirmed confirmation of the plan. Lujan Claimants timely appealed the District Court's judgment to the Third Circuit Court of Appeals. Lujan Claimants and other appellants filed motions for stay before the District Court and Third Circuit. Although the District Court denied the motions for stay, the Court recognized its "doubt" that it correctly ruled against Lujan Claimants on the McCarran-Ferguson Act issue and acknowledged that Lujan Claimants had a "better than negligible chance" of being right on this issue. Upon Third Circuit denial of the stay motions on April 19, 2023, Debtors filed a notice that the plan went effective that same day. Appellees admit that it will take more than one year before any Survivor is paid under the plan.

**Identify the issues to be raised on appeal:**
1. Is there subject matter jurisdiction over abuse survivors' claims against nondebtors, including local councils, chartered organizations, insurers, and Roman Catholic Entities?
2. Does the Bankruptcy Code or other applicable statutory or case law authorize the nonconsensual third party releases and injunctions in the Plan and the Bankruptcy Court's Opinion and Confirmation Order?
3. Do the Plan, Opinion, and Confirmation Order, impermissibly restrict and violate Lujan Claimants' direct action rights against insurers and interests in insurance policies, and treat Lujan Claimants unequally?
4. Do the Plan, Opinion, and Confirmation Order wrongly dispose of and control the Archbishop of Agana's interests in insurance policies, including in violation of the automatic stay issued in In re Archbishop of Agana, Case No. 19-00010 (Bankr. D. Guam), and wrongly interfere with the District Court of Guam's jurisdiction to determine whether to permit Lujan Claimants to recover against the Archbishop of Agana?
5. Do the Bankruptcy Court and District Court lack jurisdiction or authority to approve the sale and settlement of 1976 and 1977 Hartford policies, as Boy Scouts of America previously released its rights to coverage for sexual abuse claims as to these policies?
6. Did the Bankruptcy Court and District Court erroneously approve the insurance settlement agreements, including the release and injunction of claims against insurance proceeds?
7. Does the Plan fail to properly classify the claims of Lujan Claimants?
8. Does the Plan treat Abuse Survivors unequally and unfairly as some Survivors lose their third party claims against chartered organizations while other Survivors retain their third party claims against chartered organizations?
9. Does the Plan fail the best interests of creditors test?
10. Did the Bankruptcy Court erroneously grant Debtors' motion to amend/supplement the findings of fact and conclusions of law and enter the Confirmation Order?